■ In the Matter of ROTHAM REALTY Co., Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant, and THELMA BARBAN, Respondent.— Order and judgment granting petitioner's application and annulling the determination of the City Rent and Rehabilitation Administrator, unanimously reversed, on the law, with $50 costs to appellant, and the petition dismissed. The cash payment made by the petitioner was less than the 20% standard adopted by the Administrator. By reason of such fact the Administrator properly could have made a determination that the sale was abnormally financed (*Matter of East 53rd* v. *Gabel,* 21 A D 2d 647). Based on such determination, her rejection of the sales price as the basis for the "hardship" application may not be disturbed. Moreover, the fact that the total amount of the mortgages exceeded the assessed valuation and the purchase-money mortgage contained a provision for substantial deferments of amortization, lend further support to the finding that the sale was abnormally financed. The fact that the State rent law, rather than the city law, was in effect at the time of the Local Rent Office determination does not require a contrary decision (*Matter of East 53rd* v. *Gabel, supra*). Concur — Rabin, J. P., Valente, Steuer and Staley, JJ.; Stevens, J., concurs in the following memorandum: I concur in result on constraint of *Matter of East 53rd* v. *Gabel* (21 A D 2d 647). (See, also, *Matter of Van Cortland Assoc.* v. *Gabel,* 21 A D 2d 192.)

■ In the Matter of SUSAN NARGI v. DONALD S. HOSTETTER et al.— Motion to dismiss proceeding granted, with $10 costs. Concur — Breitel, J. P., Valente, Stevens, Eager and Bastow, JJ.

■ JACOB RASSNER, Appellant, v. CITY OF NEW YORK et al., Respondents. — Order, entered on February 14, 1964, granting motion to dismiss for lack of prosecution, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the motion denied. In this action plaintiff claims that he fell in the street because of the negligent manner in which a defective condition was left guarded. Plaintiff received no co-operation and was actually hindered by the city in his efforts to discover the parties responsible for creating the condition. Since service of the city's answer plaintiff has been almost continuously occupied by his pretrial activities and those of the various defendants who have been brought into the action by the plaintiff and the city. Those activities rebut any inference arising merely from the time elapsed that plaintiff intended to or did abandon the action. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.